Moses G. Bloch v. Wm. M. Godfrey, Aud., et al.

1. Assessment Should be Apportioned Among All Lots Under Sec. 2601-1 Rev. Stat.—Rule For Apportionment.

Under Sec. 2601-1 Rev. Stat. (repealed 96 O. L. 96), which provides that before the common council of certain cities shall accept the plat of any property upon which there is due any special assessment, the city civil engineer shall apportion the assessment among the different lots of such plat which are affected by such assessment, such assessment should be so spread out on all the tract that each part or lot will bear its just share. Rule adopted in this case apportions to each lot its share according to the square feet, after excluding streets and alleys.

2. Owner of Tract Acquiescing in Irregular Apportionment of Assessment Under Sec. 2601-1 Rev. Stat. (Repealed 96 O. L. 96)—Estopped from Objecting, Etc.

The fact that the city civil engineer in making the apportionment required by Sec. 2601-1 Rev. Stat. (repealed 96 O. L. 96), relieved certain lots altogether, will not, in the absence of evidence that injustice was done, invalidate the assessment as against the owner of the tract, or his grantee, who acquiesced in the apportionment at the time it was made.

3. City Clerk Without Authority to Certify Apportionment Under Sec. 2601-1 Rev. Stat. (Repealed 96 O. L. 96), When.

No authority is vested in the city clerk to certify the apportionment of an assessment against a tract of land, provided by Sec. 2601-1 Rev. Stat. (repealed 96 O. L. 96), before the city civil engineer has proceeded thereunder.

B. A. Hayes, for plaintiffs.

W. G. Ulery, U. G. Denman and Frank Crane, for defendants.

PARKER, P. J.

This action is brought by Mr. Bloch to enjoin the assessments on lots 1 to 29 in Industrial Heights addition, on account of the improvement of Woodville street.

It appears that when Woodville street was improved these lots were a part of a tract of about eleven or twelve acres of land, and that the assessors appointed under the statute to determine the amount to be assessed, determined, that a certain amount should be assessed against this whole tract, and an assessment was made accordingly by ordinance. Subsequently, upon Mr. Hayes, who was the owner of the tract, presenting to the council a plat subdividing this tract into lots which he desired to have adopted, the city civil engineer, in pursuance of Sec. 2601-1 Rev. Stat. (repealed, 96 O. L. 96), apportioned this whole assessment to these lots now owned by Mr. Bloch. Mr. Hayes, then the owner of all this property, at that time acquiesced in and consented to this reapportionment. Subsequently he conveyed these lots to Mr. Bloch. It is insisted by Mr. Bloch, however, that the action of the city officers was not authorized by law, is irregular and void, and that this assessment upon these lots should not stand, notwithstanding the consent thereto of his grantor, and notwithstanding the fact that he afterwards received a conveyance of this property, in which there is a warranty except as to assessments upon the lots.

Section 2601-1 Rev. Stat. reads:

"In cities of the third grade of the first class, before the common council shall accept the plat of any property upon which, or any portion of which there is any special assessment either due or to become due, the city civil engineer shall make an apportionment of such special assessment among the different lots of such plat affected by such assessment."

It is contended that this action was irregular and void because all this twelve acres was affected by the assessment theretofore levied, and therefore each and every part of it was thereby affected, and therefore each lot of the subdivision was affected, and that under this statute the engineer was not authorized to place it upon certain lots and relieve others altogether, but that he must so apportion it that each and every lot must bear some part of the burden of the assessment. That is the contention on the part of the plaintiff. We are of opinion that this is giving rather too narrow a construction to this statute; that it is adhering rather too closely to the exact letter of the words "among the different lots of the plat affected." The letter of this statute as construed by plaintiff could be observed by levying one penny against each of the other lots than these twenty-nine lots, and levying all the remainder upon these twenty-nine lots. That, of course, would be absurd. The statute does not require that, and it should not receive such a construction.

There is nothing in this statute requiring that the assessment shall be spread out on all the lots according to the benefits that the engineer shall conceive each lot has received; and if that were required, it does not appear but that all the benefit accrued, as a matter of fact, to this front 120 feet, of which is made up lots 1 to 29 inclusive.

We are of the opinion, therefore, that there having been no objection made by Mr. Hayes at the time this apportionment was made, but he having acquiesced in it, that he is bound by it, and that the fact that some part of the assessment was not levied upon these other lots, in the absence of any evidence that there was any injustice therein, this apportionment of the whole cost of the improvement to lots 1 to 29, does not present any legal ground for invalidating the assessment or enjoining the levy. Therefore all the assessments which have been certified over in pursuance of this apportionment by the city engineer, shall stand and be collectable.

But it appears that a part of this assessment has been certified over by the city clerk, some upon the whole tract and some against the 120 feet abutting on Woodville street, before the engineer had thus proceeded in pursuance of this statute. By what authority or for what reason, we cannot tell; we do not know, we are not enlightened. We find no authority for it. There must have been some reason for it, but we do not know what it was. So far as we are informed, it appears to have been done upon the mere *ipse dixit* of the clerk and auditor, without any suggestion from anybody else, or any good or valid reason for it. We do not see how that proceeding and condition of things can be upheld. Justice and equity require that this assessment shall be so spread out on all the tract that each part or lot must bear its just share and proportion. What that would be we cannot tell, and we do not know that anybody can tell. We are not sure that there is any statute or any authority for such adjustment. We can think of no rule by which to apportion it, except to apportion to each lot its share, according to the square feet, after excluding the streets and alleys. But the parties owning the property other than lots 1 to 29 do not appear to be in court. They would certainly not be bound by any decree that the court should enter with respect to their property.

We will allow to stand against this particular property its proportion, according to area, which cannot be more than its share since these lots abut upon the improvement, and the remainder will be enjoined as against these particular lots.

**Hull** and **Haynes, JJ.,** concur.